Crozier *v.* Goodwin & McConnell.

CROZIER *v.* GOODWIN & McCONNELL, Adm'rs.

1. ADMINISTRATION. *County Court. Duty of party applying to administer.* While the County Court may, in its discretion, allow a reasonable time during the term for giving bond for administration, yet it is the duty of the party applying to administer, especially when contest is anticipated, to bring his sureties with him, and be ready to comply with the law. If he fails to do so, the court may well appoint other parties to administer, and the applicant cannot complain of said new appointment.

2. PRACTICE.   *Incompetency of Judge.   When objection must be made.*   A party having failed to make objection to a Judge, or judicial officer, on the ground of relationship, at the hearing, cannot urge such objection on appeal as ground for reversal of the action of the lower court.

FROM GRAINGER.

Appeal in error from the Circuit Court of Grainger county.   J. G. ROSE, J.

HENDERSON & JOURALMAN for Crozier.

SHIELDS & SON for Goodwin & McConnell.

FREEMAN, J., delivered the opinion of the court.

This is a contest over the right to administration on the estate of John Lafferty.

The facts briefly are, that plaintiff (a son-in-law of said Lafferty) applied to the County Court of Grainger county to be appointed, which was directed by the court, and he required to enter into a bond in the sum of $3,000, by four o'clock next day, the order being made on Monday, the first day of the term.

The record of the County Court shows, that said Crozier having failed to comply with this order, on application of all the heirs and distributees save one, (complainant) and of Parrot Goodwin, the largest creditor, defendants were appointed administrators, required to give the same bond as had been required of complainant, which was done.   From this decree Crozier appealed to the Circuit Court.   In that court the question was again gone into and a judgment rendered, from which there is an appeal to this court.

Crozier *v.* Goodwin & McConnell.

In that court, testimony was heard tending to show that the court had erred in not giving Crozier longer time in which to give bond, and that possibly he might have given the bond after some delay, though no fact is shown to justify this conclusion, nor does any effort seem to have been made by him to comply with the order of the court.

It is now insisted by counsel for defendants, that the question could only have been properly reviewed on appeal in nature of writ of error, or writ of error.

However, we need not decide this question, as it is clear the party has not shown a case for reversing the action of the County Court in any aspect of the facts shown in the record, so far as the parties appointed are concerned. We think it clear, that no one is appointed administrator or executor, in the sense of the law, until he shall have given bond and surety as required. Section 2201 of the Code, forbids any one to presume to enter upon the administration of any deceased person's estate until he has obtained letters of administration or letters testamentary. It is true, the oath is to be administered by the clerk of the court, before delivering such letters, by sec. 2221, and by sec. 2222, the clerk is required to take the bond before he issues such letters. But it is evident this is contemplated to be done under the direction of the court having authority to make the appointment, and not by the clerk alone—that is, the taking the bond. Until this bond is given, our decisions hold the party is not administrator or executor, and can do no act as such. See cases cited in King's Dig., vol. 1, p. 53,

sec. 401; 4 Hum., 79; 1 Hum., 174.   The County Court, having imposed on it the duty of appointing, is therefore bound to take the bond, or have it given under its directions, or else this duty is not performed. This being so, it follows plaintiff was not appointed administrator until the bond was given, and then the court might exercise its discretion in selecting among the next of kin, where there were several as in this case, or appoint the person designated by a majority of them, as was done here.

While the court may, in its discretion, give a party in a proper case a reasonable time in which to execute bond during the term, we can see no wrong done in this case by the time allowed, as the party knew before that he intended to apply, and that there would probably be a contest over the question, and in such case ought to have come prepared, if he sought to administer, to comply with the requirement of the law, by having his securities ready at the time.

The Circuit Court erred, however, in reversing the action of the County Court, because of relationship, within the prohibited degree, of the chairman of said court. No objection was taken to the competency of the chairman at the time. It would be monstrous to allow a party to acquiesce in the action of such a court without objection, and then on appeal show the fact as ground for reversal. It was so held in *Wroe and wife* v. *Greer*, 2 Swan, 172, and must be so on sound principle.

The result is, the judgment of the Circuit Court is reversed, and this court proceeding to give the proper

judgment, dismisses complainant's appeal.    This judgment will be certified to the County Court, with directions to proceed in the administration.

The costs of the court below and of this must be paid by plaintiff.